IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
EASTERN DIVISION

| | |
|---|---|
| **LARRY ALLTOP and GLORIA ALLTOP** | |
| Plaintiffs, | CASE NO. |
| vs. | |
| **ESSROC READY MIX CORP. d/b/a ARROW CONCRETE COMPANY** | JUDGE |
| And | MAGISTRATE JUDGE |
| **ESSROC READY MIX CORP. n/k/a HANSON READY MIX, INC.** | **JURY DEMAND ENDORSED HEREON** |
| And | |
| **HANSON READY MIX, INC.** | |
| And | |
| **LEHIGH HANSON, INC.** | |
| And | |
| **ESSROC CEMENT CORP. d/b/a LEHIGH HANSON ECC, INC.** | |
| And | |
| **LEHIGH HANSON ECC, INC.** | |
| And | |
| **JOHN DOE CORPORATIONS** | |
| And | |
| **OTHER JOHN DOE ENTITIES** | |
| Defendants. | |

1

## COMPLAINT

Now comes Plaintiff Larry Alltop ("Plaintiff L. Alltop") and Plaintiff Gloria Alltop ("Plaintiff G. Alltop") (collectively "Plaintiffs"), and proffers this Complaint for damages against Defendants Essroc Ready Mix Corp. d/b/a Arrow Concrete Company ("Defendant Essroc Ready Mix d/b/a Arrow"), Essroc Ready Mix Corp. n/k/a Hanson Ready Mix, Inc. ("Defendant Essroc Ready Mix n/k/a Hanson"), Hanson Ready Mix, Inc. ("Hanson Ready Mix"), Lehigh Hanson, Inc. ("Lehigh Hanson"), Essroc Cement Corp. d/b/a Lehigh Hanson ECC, Inc. ("Essroc Cement Corp."), Lehigh Hanson ECC, Inc. ("Lehigh Hanson ECC"), John Doe Corporation 1 through 5 ("Doe Corporation 1 through 5"), and Other John Doe Entity 1 through 5 ("Doe Entity 1 through 5") (collectively "Defendants") as follows:

### I. JURISDICTION AND VENUE

1. Plaintiffs bring their complaint under federal diversity jurisdiction, 28 U.S.C. §1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

2. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants have done substantial business in the state of Pennsylvania, specifically in the Eastern District of Pennsylvania, have an Area Office located in the Eastern District of Pennsylvania,[1] and Defendant Essroc Ready Mix Corp. d/b/a Arrow Concrete Company's corporate office is located in the Eastern District of Pennsylvania at 3251 Bath Pike, Nazareth, PA 18064.

### II. PARTIES

3. Plaintiff, Larry Alltop, is an individual, a United States Citizen, and a resident of the State of Ohio. Plaintiff L. Alltop is the injured party in this action.

---

[1] Lehigh Hanson, "Find a Location," www.lehighhanson.com/home/locations (last visited Aug. 7, 2018).

4. Plaintiff Gloria Alltop is an individual, a United States Citizen, and a resident of the State of Ohio.

5. Upon information and belief, Defendant Essroc Ready Mix Corp. d/b/a Arrow Concrete Company ("Defendant Essroc Ready Mix d/b/a Arrow"), is a registered foreign corporation in the state of Delaware doing business in the state of Pennsylvania, with its principal place of business and headquarters in the Eastern District of Pennsylvania, located at 3251 Bath Pike, Nazareth, PA 18064. At all times pertinent of this action, Defendant Essroc Ready Mix d/b/a Arrow was engaged in the business of manufacturing, selling and delivering concrete for residential use in the state of Pennsylvania, as well as other states, including West Virginia. Defendant Essroc Ready Mix d/b/a Arrow can be served through its registered agent Corporation Service Company, 2595 Interstate Drive, Ste. 103, Harrisburg, PA 17110.

6. Upon information and belief, Defendant Essroc Ready Mix Corp. n/k/a Hanson Ready Mix, Inc. (Defendant Essroc Ready Mix n/k/a Hanson") is a registered foreign corporation in the state of Delaware doing business in the state of Pennsylvania, with its principal place of business and headquarters located at 300 E. John Carpenter Freeway #1645, Irving, TX 75062. At all times pertinent of this action, Defendant Essroc Ready Mix n/k/a Hanson was engaged in the business of manufacturing, selling and delivering concrete for residential use in the state of Pennsylvania, as well as other states, including West Virginia. Defendant Essroc Ready Mix n/k/a Hanson can be served through its registered agent Corporation Service Company, 2595 Interstate Drive, Ste. 103, Harrisburg, PA 17110.

7. Upon information and belief, Defendant Hanson Ready Mix, Inc. ("Hanson Ready Mix") is a registered foreign corporation in the state of Delaware doing business in the state of Pennsylvania, with its principal place of business and headquarters located at 300 E.

John Carpenter Freeway #1645, Irving, TX 75062. At all times pertinent of this action, Defendant Hanson Ready Mix was engaged in the business of manufacturing, selling and delivering concrete for residential use in the state of Pennsylvania, as well as other states, including West Virginia. Upon information and belief, and pursuant to the Pennsylvania Department of State Business Entity website search, Defendant Hanson Ready Mix has previously filed an entity Name Reservation in the state of Pennsylvania.[2] Defendant Hanson Ready Mix can be served through its registered agent Corporation Service Company, 2595 Interstate Drive, Ste. 103, Harrisburg, PA 17110.

8. Upon information and belief, Defendant Lehigh Hanson, Inc. ("Lehigh Hanson") is a registered foreign corporation in the state of Delaware doing business in the state of Pennsylvania, with its principal place of business and headquarters located at 300 E. John Carpenter Freeway #1645, Irving, TX 75062. At all times pertinent of this action, Defendant Lehigh Hanson was engaged in the business of manufacturing, selling and delivering concrete for residential use in the state of Pennsylvania, as well as other states, including West Virginia. Upon information and belief, Defendant Lehigh Hanson has successor liability interest and/or ownership interest in the instant action. Defendant Lehigh Hanson can be served through its registered agent Corporation Service Company, 211 E. 7th Street, Ste. 620 Austin, TX 78701.

9. Upon information and belief, Defendant Essroc Cement Corp. d/b/a Lehigh Hanson ECC, Inc. ("Essroc Cement Corp.") is a domestic corporation incorporated in the state of Pennsylvania doing business in the state of Pennsylvania, with its principal place of business and headquarters located at 300 E. John Carpenter Freeway #1645, Irving, TX 75062. At all times pertinent of this action, Defendant Essroc Cement Corp. was engaged in the business of

---

[2] *See* Pennsylvania Dept. of State Corporation Search, Entity # 6514642, https://www.corporations.pa.gov/search/corpsearch (last visited Aug. 7, 2018).

4

manufacturing, selling and delivering concrete for residential use in the state of Pennsylvania, as well as other states, including West Virginia. Upon information and belief, and based on communications with Senior Claims Consultant, Jim Granholm, from HDI Global Insurance Company, Defendant Essroc Cement Corp. has an interest in the instant action. Defendant Essroc Cement Corp. can be served through its registered agent Corporation Service Company, 2595 Interstate Drive, Ste. 103, Harrisburg, PA 17110.

10. Upon information and belief, Defendant Lehigh Hanson ECC, Inc. ("Lehigh Hanson ECC") is a domestic corporation incorporated in the state of Pennsylvania doing business in the state of Pennsylvania, with its principal place of business headquarters located at 300 E. John Carpenter Freeway #1645, Irving, TX 75062. At all times pertinent of this action, Defendant Lehigh Hanson ECC was engaged in the business of manufacturing, selling and delivering concrete for residential use in the state of Pennsylvania, as well as other states, including West Virginia. Upon information and belief, Defendant Lehigh Hanson ECC has successor liability interest and/or ownership interest in the instant action. Defendant Lehigh Hanson ECC can be served through its registered agent Corporation Service Company, 2595 Interstate Drive, Ste. 103, Harrisburg, PA 17110.

11. Upon information and belief, Defendant John Doe Corporations 1 through 5 ("Doe Corporation 1 through 5") is/are a corporation(s), the name(s) and address(es) of residence of which are unknown at this time. Upon information and belief, and general online research, Essroc Cement and/or Essroc Ready Mix are/were used as fictitious names by other corporation(s). Upon the filing of corporate disclosures, Plaintiff will amend and properly name defendant corporation(s) as necessary and required.

12. Upon information and belief, Defendant Other John Doe Entity 1 through 5 ("Doe Entity 1 through 5") is/are an other legal entity(ies), the name(s) and address(es) of residence of which are unknown at this time. Upon information and belief, and general online research, Essroc Cement and/or Essroc Ready Mix are/were used as fictitious names by other entity(ies). Upon the filing of corporate disclosures, Plaintiff will amend and properly name defendant entity(ies) as necessary and required.

13. Essroc Ready Mix d/b/a Arrow, Essroc Ready Mix n/k/a Hanson, Hanson Ready Mix, Lehigh Hanson, Essroc Cement Corp., Lehigh Hanson ECC, Doe Corporation 1 through 5, and Doe Entity 1 through 5 are hereinafter collectively referred to as the Defendants.

### III. OPERATIVE FACTS

14. On August 9, 2016, Plaintiff Larry Alltop volunteered to assist his friend, Paul Holley, with the spreading and finishing of concrete to form a concrete garage floor at Mr. Holley's residence located at 8973 Barker Ridge Road, Ona, West Virginia.

15. At the time and place aforementioned, homeowner Mr. Holley arranged with Defendants for a delivery of five (5) cubic yards of concrete to his home.

16. At all times pertinent to this action, Defendants, as creators, testers, marketers, manufacturers and/or suppliers of the aforesaid concrete placed the concrete into the stream of commerce, and expected said concrete to reach Plaintiff L. Alltop.

17. At the time and place aforementioned, when Defendants' delivery truck driver began dispensing the concrete, it was unworkable due to it being hard and dusty. At first, the driver employee of Defendants added approximately ten (10) gallons of water to the cement mix in the cement truck, but that did not substantially change the mixture. Another forty-five (45) gallons of water was added by the driver into the cement truck.

6

18. After the fifty-five (55) gallons of water had been added to the concrete mixture inside the truck, the driver opened the truck's chute for the concrete to pour out. Plaintiff L. Alltop was standing off to the side of the chute in any area that should not have posed any danger to him. Defendants' employee truck driver never warned Plaintiff L. Alltop to not stand off to the side of the chute and never warned of any possible danger posed by standing to the side.

19. When the concrete came down the chute, it burst out of the truck, over the side of the chute spraying wet concrete onto Plaintiff L. Alltop's pants and shoes. Immediately thereafter, Plaintiff L. Alltop washed himself and his clothes off with water from a garden hose.

20. Meanwhile, Defendants' employee truck driver continued to pour the concrete. The Defendants' employee driver never warned Plaintiff L. Alltop of the danger of chemical burns or advised him to change his clothes.

21. After approximately thirty (30) minutes of working the concrete in his wet clothes, Plaintiff L. Alltop began to feel a burning sensation on his legs through his jeans. Plaintiff L. Alltop changed his clothes and continued to work the concrete. Unfortunately, the burning continued and Plaintiff L. Alltop stopped working and drove home.

22. Upon arriving home, Plaintiff L. Alltop noticed black and purple burns on his knees and legs. He immediately went to the emergency room where he was diagnosed with second and third degree burns on both knees, legs and some toes on the right foot, whereby requiring surgical intervention and extensive physical rehabilitation.

23. As a result of the aforementioned injuries, Plaintiff L. Alltop incurred expenses in excess of Seventy-Six Thousand and 00/100 Dollars ($76,000.00) for medical treatment and hospital expenses and may incur additional expenses for medical treatment in the future. Some of said expenses may be subrogated.

24. As a result of the aforementioned injuries, Plaintiff L. Alltop has lost or had impaired the use of his physical faculties, suffered pain and mental anguish, embarrassment, humiliation and fright, and permanent injuries in the form of disfigurement and scarring which will cause impairment, pain, suffering, mental anguish, embarrassment, humiliation and fright in the future.

## IV. CLAIMS FOR RELIEF

### COUNT ONE

25. Plaintiffs reallege and hereby incorporate by reference each and every allegation contained in the preceding paragraphs inclusive, as if expressly rewritten herein.

26. As the manufacturer, distributor and seller of concrete, Defendants owed a duty to the Plaintiff L. Alltop to design and manufacture a product that was reasonably safe for its intended use and provide sufficient warnings or instruction that a reasonable manufacturer would have provided concerning any risks that could cause the Plaintiff harm when using the product.

27. Defendants negligently breached said duties, and others, proximately causing injuries and damages to the Plaintiff L. Alltop, as set forth above.

### COUNT TWO

28. Plaintiffs reallege and hereby incorporate by reference each and every allegation contained in the preceding paragraphs inclusive, as if expressly rewritten herein.

29. As a manufacturer, seller and distributor of concrete, the Defendants are strictly liable to Plaintiff L. Alltop for the injuries listed above because the concrete used by the Plaintiff was not reasonably safe for its intended use and the Plaintiff was not adequately warned of the dangers associated with using it.

## COUNT THREE

30. Plaintiffs reallege and hereby incorporate by reference each and every allegation contained in the preceding paragraphs inclusive, as if expressly rewritten herein.

31. Plaintiff L. Alltop avers that Defendants, as manufacturers, sellers and distributors of concrete, are liable for the injuries to Plaintiff and for the resulting damages to Plaintiff in that the concrete that was delivered and used by Plaintiff L. Alltop was defective, thereby violating the express warranties which were attached to and accompanied the product.

32. Mr. Holley ordered concrete from Defendants to pour a concrete garage floor.

33. Defendants, knowing Mr. Holley intended to pour a concrete garage floor, warranted and delivered five (5) cubic yards of concrete so that Mr. Holley could build and/or pour a concrete garage floor.

34. Mr. Holley, and Plaintiff L. Alltop, relied upon the skill and judgment of Defendants and upon Defendants' express warranty as specified above.

35. As a result of the defective concrete, Defendants breached their express warranty that the concrete was safe for use by ultimate users and consumers and would act or perform in a certain way.

36. As a direct and proximate result of the breach of express warranty by Defendants, Plaintiff L. Alltop sustained serious and permanent injuries as set forth above.

## COUNT FOUR

37. Plaintiffs reallege and hereby incorporate by reference each and every allegation contained in the preceding paragraphs inclusive, as if expressly rewritten herein.

9

38.     As manufacturers, sellers and distributors of concrete, Defendants impliedly warranted the concrete that injured Plaintiff L. Alltop was of merchantable quality, fit, safe, and in proper condition for the ordinary use for which the concrete was designed and used.

39.     In reliance upon said warranty of merchantability, Mr. Holley purchased, and Plaintiff L. Alltop worked with, the concrete as hereinabove described.

40.     The concrete was not of merchantable quality and was unsafe, unsuitable for the purpose for which it was intended.

41.     As a direct and proximate result of the breach of the implied warranty, Plaintiff L. Alltop sustained serious and permanent bodily injuries as described above.

42.     Defendants' actions constitute a breach of the implied warranty.

## COUNT FIVE

43.     Plaintiffs reallege and hereby incorporate by reference each and every allegation contained in the preceding paragraphs inclusive, as if expressly rewritten herein.

44.     Mr. Holley ordered concrete from Defendants to pour a concrete garage floor.

45.     Defendants, aware of Mr. Holley's intended purpose for ordering the concrete, warranted that the concrete ordered and delivered to Mr. Holley would be fit for the particular purpose of Mr. Holley pouring a concrete garage floor.

46.     In reliance upon Defendants' skill and judgment and implied warranties of fitness for the particular purpose of pouring a garage floor, Mr. Holley ordered and purchased, and Plaintiff L. Alltop worked with, the concrete from Defendants.

47.     The concrete was, in fact, not fit for use for its intended purpose and Defendants breached the implied warranties set forth above.

48. As a direct and proximate result of the breach of warranty, Plaintiff L. Alltop sustained serious and permanent injuries as set forth above.

49. Defendants' actions constitute a breach of implied warranty.

## COUNT SIX
### (Spouse's Consortium)

50. Plaintiffs reallege and hereby incorporate by reference each and every allegation contained in the preceding paragraphs inclusive, as if expressly rewritten herein.

51. At all times pertinent to this action, Plaintiff Gloria Alltop was the lawful wife of Plaintiff Larry Alltop.

52. As a direct and proximate result of said Defendants' negligent acts, Plaintiff G. Alltop has been deprived by the loss of consortium, companionship, services, and society of her spouse, Plaintiff L. Alltop, and expects to be further so deprived in the future and for an indeterminate time.

## DEMAND

WHEREFORE, Plaintiff Larry Alltop, demands judgment against Defendants, and prays for compensatory and general damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus pre- and post-judgment interest, as well as punitive damages, attorney fees, and the costs of this action; and Plaintiff Gloria Alltop demands judgment against Defendants, and prays for compensatory and general damages in the amount of Twenty Five Thousand Dollars ($25,000.00), in addition to pre- and post-judgment interest, costs, attorney's fees, and any other relief to which Plaintiffs are entitled.

Date: August 8, 2018               Respectfully submitted,

                                   **BARKAN MEIZLISH HANDELMAN
                                   GOODIN DEROSE WENTZ, LLP**

/s/ Robert E. DeRose
Robert E. DeRose
Pennsylvania Attorney ID No.: 94395
Sanford A. Meizlish (*pro hac vice anticipated*)
Ohio Supreme Court ID No.: 0002620
Jason C. Cox (*pro hac vice anticipated*)
Ohio Supreme Court ID No.: 0095169
250 E. Broad St., 10th Floor
Columbus, Ohio   43215
Phone: 614-221-4221
Facsimile No.: 614-744-2300
bderose@barkanmeizlish.com
smeizlish@barkanmeizlish.com
jcox@barkanmeizlish.com

**Attorneys for Plaintiffs**

## JURY DEMAND

Plaintiffs request a trial by a jury of eight (8) persons.

**BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**

/s/ Robert E. DeRose
Robert E. DeRose
Pennsylvania Attorney ID No.: 94395
250 E. Broad St., 10th Floor
Columbus, Ohio   43215
Phone: 614-221-4221
Facsimile No.: 614-744-2300
bderose@barkanmeizlish.com

**Attorney for Plaintiffs**